UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN ROBERTS DEMOS,  Case No. 1:15-cv-620
    Plaintiff,

                                              Black, J.
vs.                                         Bowman, M.J.

SOCIETY OF T.R.U.T.H., et al.,  **REPORT AND**
    Defendants.                       **RECOMMENDATION**

Plaintiff, an inmate at the Washington State Penitentiary in Walla Walla, Washington, brings this prisoner civil rights action under 42 U.S.C. § 1983 against defendants the Society of T.R.U.T.H. and Proctor & Gamble. This matter is before the Court on plaintiff's motion to proceed *in forma pauperis*. For the reasons that follow, plaintiff's motion should be denied.

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Demos is a frequent and abusive litigant in the Courts of the United States. *See Demos v. Keating,* 33 F. App'x. 918 (10th Cir. 2002), and cases cited therein. Plaintiff's abuse of his *in forma pauperis* status has resulted in judicially imposed limitations on his ability to file cases and appeals in the federal courts. *See e.g., Demos v. Storrie*, 507 U.S. 290 (1993) (directing the Supreme Court Clerk to reject all future petitions for certiorari in noncriminal matters unless Mr. Demos pays docketing fee). Mr. Demos is prohibited by the Prison Litigation Reform Act from

filing this action *in forma pauperis* because he has filed at least three frivolous actions in the federal courts in the past.  See *Demos v. John Doe/Manufacturer/Skoal/ Copenhagen Pipe & Tobacco*, 118 F. Supp.2d 172 (D. Conn. 2000), and cases cited therein.

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury."  § 1915(g).  The Court is unable to discern from plaintiff's complaint any facts indicating he is under imminent danger of serious physical injury.  Under the plain language of the statute, plaintiff must be "in imminent danger at the time that he seeks to file his suit in district court" to qualify for the exception to the three strike provision of § 1915(g).  See *Abdul Akbar v. McKelvie*, 239 F.3d 307, 311 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  Plaintiff has failed to allege particular facts showing any immediate or specific danger of future serious physical injury.  Therefore, plaintiff does not meet the exception to section 1915(g).

For these reasons, plaintiff's motion to proceed *in forma pauperis* should be denied under 28 U.S.C. § 1915(g).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to proceed *in forma pauperis* be **DENIED.**

2. Plaintiff be ordered to pay the $400 filing fee within thirty (30) days, and that plaintiff be notified that his failure to pay the full filing fee within thirty days will result in the dismissal of his action.  See *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN ROBERTS DEMOS,            Case No. 1:15-cv-620
    Plaintiff,

                                                          Black, J.
vs.                                               Bowman, M.J.

SOCIETY OF T.R.U.T.H., et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).